Albauou, J.
This is an action brought, by the plaintiffs to recover of the defendant, as administrator da bonis non with the will annexed of the estate of Samuel Herron, deceased, the sum of three .hundred and eighty dollars upon an account for services as attorneys, rendered John Kanaga, the former administrator.
The petition sets forth, in substance, that on the 11th day of June, A. D. 1881, John Kanaga was duly apppointed and qualified administrator with, the will annexed of the estate of Samuel Herron, deceased; that he entered upon the duties of said trust; that on the 22nd day of November, 1886, he was removed by the probate court, and that the defendant was appointed to succeed him, and is now the administrator de- bonis non with the will annexed of said estate; that he received of the said John Kanaga, his predecesor, the sum of §1,080.63 assets belonging to the estate; that during the time Kanaga was the administrator the plaintiffs, at his request, performed services for him as such administrator, as attorneys, in certain suits and proceedings brought against him, and for other services in and about the settlement of said estate, which services were necessary, and were reasonably worth the sum claimed in the petition; that at the time Kanaga was removed he was indebted to plaintiffs as such administrator, for such services, in the sum of $380.00; that he promised and agreed to pay *13 the same; that the estate is solvent, and that ICanaga is insolvent and unable to pay this claim.
On the 8th day of June, 1887, the plaintiffs presented an account, duly verified, to the defendant for allowance as a valid claim against the estate, wide,It he then and there rejected.
The plaintiffs pray judgment against the defendant for the sum claimed to be due for such services.
The defendant demurred to the petition, on the ground that it did not contain facts sufficient to constitute a cause of action. This demurrer was sustained by the court, and judgment rendered against the plaintiffs for costs, and they’now seek to reverse the judgment upon the ground that there was-error in sustaining the demurrer.
It is conceded that the acts of an executor or administrator who is afterward superceded by removal or otherwise, are as valid as if he had continued to perform the trust until the final settlement of the estate, and that if the plaintiffs could have maintained an action against the former administrator, the defendant would be liable to them as admininistrator de bonis non.
The question presented then is, can the plaintiffs maintain an action against the defendant, as administrator, for services rendered as attorneys in and about the settlement of the estate ? The well-known practice is, in matters where it is necessary for the administrator to employ counsel to assist in the settlement of an estate, to bring suits, or to defend for him, that he makes settlement and payment for such services, and takes vouchers for the same, which are filed with his account in the probate court; and such vouchers are passed upon by that court, and if it appears that the services are reasonable and necessary, credit- is allowed in the account. These services are considered necessary expenses of the administrator in the settlement of the estate, and may bo allowed under section 6183 of the Statutes, which provides that in rendering such account every executor or administrator shall produce vouchers for all debts and legacies paid, and for all funeral charges and *14 just and necessary expenses, which vouchers shall be filed with the account...... Such a claim for expenses paid by the administrator is not allowed because it is a liability^- created by contract which could be enforced against him as such, in an action at law, but is upon the principle that he may use the funds of the estate for the purposes authorized by law, but that he cannot bind the estate by contract express or implied, and create a liability not founded upon the contract or obligation of the intestate.
Trust funds in the hands of the administrator have always been held to be exempt from liability under contracts made by him in the execution of the trust, as there can be no privity of contract between him and the person in whose favor the contract is made. There is no analogy between this and cases where a person acts as the agent of a living principal. The administrator is the representative of the estate himself, clothed with authority by law to close up the business of the intestate as it existed at the time of his death; to collect the assets of the estate, and settle and adjust the liabilities created by the intestate before his death; but he cannot create new liabilities unless authorized bjr will or by the probate court, as in cases where assignees have been authorized to continue the business of the assignor. In all cases without such authority, the law holds the transaction necessarily to be that of the executor or administrator personally, and that his promises as such cannot be enforced against the estate. In the case of Austin v. Munro, 47 N. Y. 364, which was an action to recover for services rendered the executor by attorneys in and about the settlement of the estate, it was held that where a contract is made by executors in form as such in consideration of services to be rendered in vindicating and asserting their claims to property in their representative capacity and for the benefit of the estate, the representative does not bind the estate or create a charge upon the assets in the hands of the executor. It is further said in that case that the rule must be regarded as well settled, that the contracts of executors,'although made in the *15 interest and for the benefit of the estate they represent, if ma‘de upon a new and independent consideration, as for services rendered, goods or property sold and delivered, or other considerations, moving the promisee and the executor as promisor, are the personal contracts of the executor, and do not bind the estate, notwithstanding the services rendered or goods or property furnished or other consideration moving from the promisee are such that the executor could properly have paid for the same from the assets and been allowed for the expenditure in the settlement of his account.
McBride & McBride and N.. Wolf, for plaintiffs in error.
W. 8. Kerr, for defendant in error.
This case is cited with approval in Lucht, adm’r v. Behrens, 28 Ohio St, 231; also in Kittridge v. Miller et al., trustees, decided by the Superior Court of Cincinnati, 19 Law Bull. 119, it was held that a lawyer rendering legal services to an assignee for the benefit of creditors, can hold such assignee personally liable therefor, but has no right of action against the estate, even if the services are such that if the assignee pays'for them he will be entitled to a credit for such payment in his account as assignee in the probate court. From these authorities cited, and from others in which the question is indirectly decided the same way, it may be stated as a general rule that an administrator cannot bind the estate he represents by any contract he may make so as to enable the parties in whose favor such contract is made, to maintain an action thereon at law, unless he is expressly authorized by law to make such contract. To hold that a claim for services rendered by an attorney for the administrator in the settlement of the estate is an exception, would be to destroy the general rule. Whether, in a proper case, where the assets of an estate are increased by and through the services of an attorney rendered to the administrator, such .assets could be charged in equity to the extent of such increase, it is not necessary that wm should decide, as the case under consideration is an action at law. We are of the opinion, therefore, that the judgment sustaining the demurrer to the petition should be affirmed.